UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ROYSE STRIBLING, | No. C 14-2909 LB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 1] |
| SVSP R.T.C. GROUNDS (AW); et al., | |
| Defendants. | |

Royse Stribling, an inmate at Salinas Valley State Prison, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, Mr. Stribling alleges that correctional officers packed up and then lost, misplaced or stole his personal property when he was briefly away from the prison for a hospital visit on July 16, 2013. He seeks a "full reimbursement for all [his] lost [or] misplaced personal property" and for his pain and suffering while he was without his belongings. ECF No. 1 at 3. He has consented to proceed before a magistrate judge. *Id.* at 4. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Allegations of negligent or intentional deprivation of property do not state a due process claim under Section 1983 if the deprivation was random and unauthorized. See *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *See King v. Massarweh*, 782 F.2d 825, 826-27 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Mr. Stribling's allegations that his personal property was wrongfully lost, misplaced, or stolen by correctional officers are of a random and unauthorized deprivation of property and therefore are not cognizable under Section 1983. His property claim may be cognizable under state law, but such a claim must be brought in state court rather than in federal court.

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 2, 2014

LAUREL BEELER
United States Magistrate Judge